UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO. **CV 14 0839**   **ORIGINAL**

------------------------------------------------------------

CHERYL CRABB

         Plaintiff,

    -against-

THE CITY OF NEW YORK,
P.O. NELSON AYALA,
P.O. SHERLON SMIKLE,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

        Defendant(s)

**COMPLAINT**

**PLAINTIFF(S) DEMAND
TRIAL BY JURY**

CHEN, J.

------------------------------------------------------------

    Plaintiff, CHERYL CRABB, by her attorney, Paul Hale Esq., complaining of the

defendants, The City of New York, P.O. NELSON AYALA, P.O. SHERLON SMIKLE, Police

Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and

belief alleges as follows:

## **NATURE OF THE ACTION**

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under

    color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights,

    privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2.     This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

**JURISDICTION**

3.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4.     All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff CHERYL CRABB resides in New York and is a resident of the State of New York. MS. CRABB was 49 years old at the time of the incident.

7. P.O. NELSON AYALA at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

8. P.O. SHERLON SMIKLE at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

10. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City and supervising officers are vicariously liable for the defendant officers' acts as described below.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about 12/19/2012 at approximately 3:45 pm plaintiff CHERYLY CRABB was in the lobby of her building located at 52 Wilson Ave. in Brooklyn, NY. The building is not involved with New York City Housing Authority – it is a private building.

13. At the above time and place MS. CRAB was assaulted and arrested by two NYPD officers. Upon information and belief these two officers were P.O. NELSON AYALA and P.O.

SHERLON SMIKLE.

14. During the assault MS. CRAB had her legs swept from underneath her while her hands were held at her side; this resulted in her head hitting the concrete floor first with the weight of two male police officers on top of her.

15. MS. CRAB was then handcuffed and lifted off the floor by her wrists and forced to sit on a bench until EMS arrived.

16. When EMS arrived MS. CRAB was thrown onto a stretcher and strapped down by EMS and the police officers.

17. MS. CRAB was then transported to Woodhull hospital where she was treated for her head injury.

18. P.O. NELSON AYALA and P.O. SHERLON SMIKLE did not file any charges against MS. CRAB.

19. As a result of MS. CRAB'S injury she lost her job and sustained brain damage.

20. It should be noted the entre incident was videotaped.

21. A Notice of Claim was filed on February 8, 2013 (Claim No. 2013PI004454)

22. A 50h hearing was conducted on May 3rd, 2013.

23. This case has been brought within a year and 90 days.

24. At no time was MS. CRABB committing any crime against the laws of New York City or State.

25. This was MS. CRABB'S first contact with any kind of law enforcement in her entire life. At the time for the arrest she was 49 years old.

26. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks,

mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

27. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

28. As a direct and proximate result of her unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

29. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

30. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in her person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

31. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

32. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

33. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

34. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

35. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

36. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

   A. An arrest not based upon probable cause;

    B.  Unwarranted and malicious criminal prosecution;

    C.  Deprivation of liberty without due process of law;

    D.  Excessive force imposed upon him;

    E.  Summary punishment imposed upon him;

    F.  Denied equal protection under the law; and

    G.  Denial of medical services

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION:**
**New York State Constitution, Art. 1 Section 12 against all Defendants**

39. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

40. By detaining and imprisoning plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

41. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

42. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

43. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of her state constitutional rights.  Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

### AS A THIRD CAUSE OF ACTION:
**Assault and Battery--all Defendants**

45. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

46. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

47. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

### AS A FOURTH CAUSE OF ACTION:
**Intentional Infliction of Emotional Distress-all Defendants**

48. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

49. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

50. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

51. Defendants, their officers, agents servants, and employees were responsible for the

intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:
**Negligent and Retention of Employment Services-against all Defendants.**

53. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

54. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

55. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

56. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

57. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

58. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A SIXTH CAUSE OF ACTION:
**Negligence against all Defendants**

59. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

60. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

61. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

62. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SEVENTH CAUSE OF ACTION:
### *Monell* claim[1]

63. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

64. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

defendants in this case, to engage in unlawful conduct.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1.  On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.  On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3.  On the Third Cause of Action,  against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4.  On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5.  On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6.  On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7.    On the Seventh Cause of Action, against all Defendants, compensatory damages in an
      amount to be determined at trial, punitive damages against the Defendants in an amount to
      be determined at trial;

8.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

1/31/2014
Brooklyn, New York

                                        Respectfully Submitted

                                        By:     Paul Hale, Esq
                                        26 Court St. Ste 913
                                        Brooklyn, NY 11242
                                        (718) 554-7344